J-S47035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANN M. HUTCHISON, | : | |
| | : | |
| Appellant | : | No. 151 WDA 2018 |

Appeal from the Judgment of Sentence January 3, 2018
in the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000758-2016

BEFORE:  OLSON, MCLAUGHLIN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED SEPTEMBER 06, 2018**

Ann M. Hutchison (Appellant) appeals from the judgment of sentence imposed after she pled guilty to the offense of bad checks.  We affirm.

On November 2, 2017, pursuant to a plea deal, Appellant pled guilty to the aforementioned crime, a misdemeanor of the first degree.  According to the Commonwealth at sentencing, "this was a [] standard bad check [case. Appellant] paid for $32 -- $32.70 worth of gas from Shell Gas in Cochranton with a check.  Unfortunately for [Appellant], the check was from a closed account.  [Appellant] was sent a ten-day demand letter and never made good on it."  N.T., 1/3/2018, at 4.   In exchange for her plea, the Commonwealth recommended a standard-range sentence.  *Id.*

Accepting the Commonwealth's recommendation, on January 3, 2018, the trial court sentenced Appellant to a standard-range sentence.

* Retired Senior Judge assigned to the Superior Court

Specifically, the court ordered that Appellant serve 12 months less one day to 24 months less one day in the Crawford County Correctional Facility. Appellant was also ordered to pay fines and costs, and serve a three-year probationary term.

Appellant thereafter timely filed a post-sentence motion and, following its denial, a notice of appeal.[1]  Appellant presents the following question for our review: "Whether the [trial c]ourt abused its discretion in failing to adequately consider the health issues of Appellant [] in sentencing her to the maximum minimum [*sic*] standard range sentence[?]"  Appellant's Brief at 4 (suggested answer omitted).[2]  Specifically, Appellant contends that (1) the trial court "failed to adequately consider the health issues of Appellant at sentencing[;]" and (2) "the sentence was manifestly excessive in light of the criminal conduct at issue, which was a bad check of $32.[7]0."  Appellant's Brief at 9-10.

Appellant's claims on appeal challenge the discretionary aspects of her sentence.  *Id.*[3]

_____

[1] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

[2] Pertinent to this appeal, at the time of sentencing, Appellant was receiving treatment for breast cancer.  N.T. 1/3/2018, at 2.  **See also** Motion for Reconsideration/Motion to Modify Sentence, 1/4/2018, at 1 (unnumbered) (Appellant "has been receiving treatment for [stage two breast cancer] for over a year, including radiation chemotherapy since March 2017.").

[3] Because Appellant's plea was "open" to sentencing, she may challenge the discretionary aspects of her sentence.

*(Footnote Continued Next Page)*

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his [or her] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

Here, Appellant timely filed a post-sentence motion and a notice of appeal, and included a statement pursuant to Rule 2119(f) in her brief. We now turn to consider whether Appellant has presented a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d

*(Footnote Continued)* ───────────────

> [W]hile a guilty plea which includes *sentence negotiation* ordinarily precludes a defendant from contesting the validity of his or her sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, *open* plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence.

***Commonwealth v. Tirado***, 870 A.2d 362, 365 (2005) (emphasis in original).

825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Griffin*, 65 A.3d at 935 (citation and quotation marks omitted).

At the outset, we recognize that a claim alleging inadequate consideration of mitigating factors does not raise a substantial question. *See Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) ("[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review.") (quoting *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010)); *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014) ("[W]e have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question."). In her brief to this Court, Appellant acknowledges that "a substantial question is not normally raised for a standard[-]range sentence because of an allegation [that the trial] court failed to adequately consider mitigating factors[.]" Appellant's Brief at 9. Nonetheless, Appellant argues that her claims are reviewable by this Court because the sentence imposed is excessive in light of the criminal conduct at issue and because a sentence of

total confinement "could substantially lessen" her "natural life-span because of a higher risk for complications and infection during her incarceration." ***Id.***

Assuming *arguendo* that Appellant has presented a substantial question for our review, we find her arguments without merit. In its opinion to this Court, the trial court responded to Appellant's claims as follows.

> [Appellant's] medical issues and mental health issues were described to the [trial c]ourt at the time of sentencing so th[e c]ourt was able to take into consideration that information when considering the various sentencing factors. As a result th[e trial c]ourt concluded that a maximum county sentence was appropriate and that [Appellant] could receive any needed medical and mental health treatment through the Crawford County Correctional Facility.
>
> [Appellant] began a career of crime on March 6, 1992, which resulted in a conviction for theft by deception as a misdemeanor of the first degree on December 21, 1993.
>
> Since that time she has had convictions which from the [trial c]ourt's review include [67] bad check offenses, mostly as summary convictions so that her prior record score was not affected, a lotteries conviction as a misdemeanor of the first degree, a theft by unlawful taking conviction, a theft of services conviction, and three convictions for theft by deception.
>
> [Appellant] was finally sentenced by a judge in Warren County to a 10 to 30 month state incarceration sentence in 2012 but after that sentence was served she began committing more bad check offenses (albeit fewer than previously).
>
> The sentence imposed by th[e c]ourt would have been an aggravated[-]range sentence but for the plea agreement th[e trial c]ourt chose to follow because [Appellant] needs to understand that she cannot continue to commit these offenses, society needs to understand that there is protection for victims when offenders such as [Appellant] continue to commit the same crimes over and over to the detriment of society and because based on [Appellant's] record it is very clear that it is unlikely that she can be rehabilitated.

> Thus, th[e trial c]ourt believes that the sentence imposed within the standard range was well within the [trial c]ourt's appropriate exercise of discretion.

Trial Court Opinion, 2/22/18, at 1-2 (unnumbered; unnecessary capitalization omitted). *See also* N.T., 1/3/2018, 5 (acknowledging that Appellant's health situation was "unfortunate" but nonetheless found that incarceration was "appropriate to try to keep" Appellant from continuing to commit crimes).

While we are cognizant of and sympathetic to Appellant's health struggles, our review of the record evidences no abuse of discretion on the part of the trial court. *See Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014) ("Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.").

To the contrary, the record shows that in imposing a **standard-range** sentence, the trial court properly considered all the factors, including both Appellant's health and lengthy criminal record, and was well within its discretion to determine that Appellant's continual criminal conduct called for

a sentence of incarceration. *See Commonwealth v. Mouzon*, 812 A.2d 617, 620 (Pa. 2002) ("Traditionally, the trial court is afforded broad discretion in sentencing criminal defendants 'because of the perception that the trial court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.'") (quoting *Commonwealth v. Ward*, 812 A.2d, 617 (Pa. 1990)).

Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/6/2018